IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ULTRAFLO CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1460 |
| | § | |
| PELICAN TANK PARTS, INC. and | § | |
| THOMAS JOSEPH MUELLER, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiff Ultraflo Corporation's Motion to Remand (Document No. 6). After carefully considering the motion, response, reply, and the applicable law, the Court concludes for the reasons below that the motion should be GRANTED.

I.  Background

Plaintiff and Pelican Tank are competing valve manufacturers. Document No. 1-4 at 2. Defendant Mueller used to work for Plaintiff. Id. According to Plaintiff, Defendant Mueller was "intimately familiar" with Plaintiff's "trade secrets and proprietary information," and had access to Plaintiff's confidential design drawings of various valve products. Id. Plaintiff alleges that "Defendant Pelican Tank hired Defendant Mueller to 'gain possession' of Plaintiff's 'design drawings and possibly other trade secrets.'" Id.

Plaintiff sued Defendants in state court alleging various state law claims including conversion, civil conspiracy, unfair competition and misappropriation of trade secrets. *See* Document No. 1, ex. B-3 (Original Petition). Several months after issue was joined in state court, the state court during a hearing ordered Plaintiff to "[p]roduce all documents that identify, embody, or otherwise contain the trade secrets you allege have been misappropriated," Document No. 8, ex. A at 24, to which Plaintiff's counsel responded, "I think that's been taken care of because its about the [design] drawings and we're going to exchange those." Id. Defendants' counsel interceded, "Judge, this is the first time this morning that I really understood that [Plaintiff is] claiming their trade secrets were just their design drawings." Id., ex. A at 34. The court asked, "Well, wait a minute. Tell me again what you guys say is the trade secret?" Id. Plaintiff's counsel replied, "What we are saying is the trade secret is the drawing . . . ." Id.

Within 30 days after that hearing, but several months after Defendants had answered the case in state court, Defendants removed the case on the basis of federal question jurisdiction, asserting that Plaintiff's state law claims are completely preempted by the Copyright Act, 17 U.S.C. § 101. Document No. 1 at 3. Plaintiff moves to remand, asserting that (1) its state law claims are

not preempted and (2) Defendants' removal was untimely.  Document No. 6.

## II.  Discussion

### A.  Standard of Review and Applicable Law

Under 28 U.S.C. § 1441, an action filed in state court may be removed to federal court when (1) federal jurisdiction exists and (2) the removal procedure is properly followed.  28 U.S.C. § 1441. The removing party bears the burden of establishing that federal jurisdiction exists over the controversy.  Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 397 (5th Cir. 1998).  Any doubt about the propriety of the removal is to be resolved strictly in favor of remand.  See Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000); Walters v. Grow Group, Inc., 907 F. Supp. 1030, 1032 (S.D. Tex. 1995).

Federal jurisdiction exists if a plaintiff's well-pleaded complaint raises a claim that arises under federal law.  28 U.S.C. § 1331.  Generally, a plaintiff is the master of the complaint and may avoid federal jurisdiction by relying exclusively on state law. Caterpillar Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987).  An independent corollary to the well-pleaded complaint rule is the "complete preemption doctrine."  Under this doctrine, certain statutes--like the Copyright Act--completely preempt areas of state

law.[1] <u>Kane v. Nace Intern.</u>, 117 F. Supp. 2d 592, 597 n.1 (S.D. Tex. 2000) (Rosenthal, J.).  "In such instances, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." <u>Balcorta v. Twentieth Century-Fox Film Corp.</u>, 208 F.3d 1102, 1107 (9th Cir. 2000).  But "the 'complete preemption' doctrine does not abrogate the standard rule that a defense of preemption does not create federal question jurisdiction." <u>Id.</u> at 1107 n.7 (citing <u>Caterpillar</u>, 107 S. Ct. at 2430).  A defendant cannot remove solely "on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." <u>Caterpillar</u>, 107 S. Ct. at 2430.

In addition, even if federal jurisdiction exists, based on complete preemption or otherwise, a federal court cannot hear a removed case unless the removal procedure is properly followed. <u>Royal v. State Farm Fire & Cas. Co.</u>, 685 F.2d 124, 127 (5th Cir. 1982); <i>see also, e.g.</i>, <u>Hoover v. Allied Van Lines, Inc.</u>, 205 F.

---

[1] The Copyright Act preempts state law claims if (1) the work is within the scope of the "subject matter of copyright" as defined by 17 U.S.C. § 102; and (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright protection set forth in 17 U.S.C. § 106. <i>See</i> <u>Daboub v. Gibbons</u>, 42 F.3d 285, 289 (5th Cir. 1995).

4

Supp. 2d 1232, 1241 (D. Kan. 2002) (remanding without addressing whether plaintiff's claims were completely preempted by the Copyright Act because defendant did not follow the removal procedure); Chavez v. Kinkaid, 15 F. Supp. 2d 1118, 1124-1125 (D. N.M. 1998) (same).   Untimely removal constitutes a defect in removal procedure.  Cades v. H & R Block, Inc., 43 F.3d 869, 873 (4th Cir. 1994).  The timing for removal is set forth in 28 U.S.C. § 1446(b).  Generally, a case must be removed within thirty days from the filing of the original state court petition.  28 U.S.C. § 1446(b).  If removal occurs after this thirty-day period, then the removing party must prove that the original pleading did not "affirmatively reveal[] on its face" that it raised a federal question.  Health Care Serv. Corp. v. Tap Pharm. Prods., Inc., 274 F. Supp. 2d 807, 817 (E.D. Tex. 2003) (citing Bosky v. Kroger Texas, L.P., 288 F.3d 208, 210 (5th Cir. 2002)).

If the original petition does not reveal the case is removable, then the second paragraph of section 1446(b) applies:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b).  "[T]he information supporting removal in . . . an amended pleading, motion, or other paper must be *unequivocally clear and certain*" to start the period for removal.

<u>Bosky</u>, 288 F. 3d at 211 (emphasis added).  Many types of documents have been deemed "other paper" that reveal a case is removable, triggering the thirty-day period to remove.  *See, e.g.*, <u>S.W.S. Erectors, Inc. v. Infax, Inc.</u>, 72 F.3d 489, 494 (5th Cir. 1996) (transcript of deposition testimony); <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160, 164 (5th Cir. 1992) (answer to interrogatory); <u>Northeast Hosp. Auth. v. Aetna Health Inc.</u>, No. H-07-2511, 2007 WL 3036835, at *6 (S.D. Tex. October 17, 2007) (documents produced in response to request for disclosure).

B.   <u>Analysis</u>

     Defendants removed this case on May 9, 2008, asserting that Plaintiff's state law claims were preempted by the Copyright Act. Document No. 1.   Because a defendant has thirty days to remove after receiving notice that the case is removable, the question here is whether Defendants have proved that they did not have notice the case was removable before April 9, 2008.   Defendants argue that they timely removed because they could not have known that Plaintiff was "truly complaining of alleged copying of specific drawings and . . . claiming ownership in such drawings" until Plaintiff produced the drawing itself on April 11, 2008. Document No. 8 at 5.  Plaintiff counters that Defendants had notice the case was removable from (1) the original state court petition,

and (2) the interrogatory response received by Defendant on January 8, 2008.  Document No. 6 at 7.

Plaintiff's Original Petition, filed on November 12, 2007, alleges the following:

> This is a suit by Ultraflo against its former employee Mueller and his current employer, on information and belief, Pelican Tank.  Mueller held a key position at Ultraflo and had access to Ultraflo's proprietary and confidential design drawings, including, but not limited to Ultraflo's design drawing of one of the series of Ultraflo's valve.  Mueller was intimately familiar with Ultraflo's trade secrets and confidential and proprietary information.  Pelican Tank is a competitor of Ultraflo who, upon information and belief, has hired Mueller as an employee, agent or representative in an attempt to gain possession of Ultraflo's highly confidential design drawings and possibly other trade secrets.  Soon after the termination of Mueller's employment with Ultraflo, Pelican Tank began selling a valve similar to Ultraflo's valve.  Tests of Pelican Tank's competing valve have shown that it matches Ultraflo's design drawings better than Ultraflo's own valve matches the design drawings.  Upon information and belief, Pelican Tank's competing valve is based on Ultraflo's confidential and proprietary design drawing.  By this suit, Ultraflo seeks injunctive relief as well as damages against both Defendants.

Document No. 1-4 at 2-3.  These allegations reveal that Plaintiff's suit is based, at least in part, on specific design drawings owned by Plaintiff and used in the manufacture of a valve.  Indeed, all of Plaintiff's causes of action refer to the theft or copying of Plaintiff's design drawings.[2]

_____

[2] Plaintiff's conversion claim alleges: "The conversion of Ultraflo's confidential and proprietary *design drawings* by Defendants acting in concert and separately have and will cause Ultraflo to suffer immediate and irreparable harm."  Document No.

Defendants assert, however, that they needed to know *which* drawings Plaintiff was referencing in order to determine if the action is preempted by the Copyright Act.  Document No. 8 at 11. According to Defendants, it was not until they received the actual drawings did they realize it was Defendant Mueller who "authored" them, not Plaintiff; thus, *Mueller*--not Plaintiff--was the actual copyright owner.  Document No. 8 at 3.   Federal jurisdiction, however, is determined from the plaintiff's complaint alone, not from defenses asserted by the defendant.  Caterpillar, 107 S. Ct. at 2430; *see also* Scandinavian Satellite Sys. v. Price TV Ltd., 291 F.3d 839, 845-46 (D.C. Cir. 2002) (citing Taylor v. Anderson, 34 S. Ct. 724, 724 (1914)) (same).  Thus, a federal question must arise from the *plaintiff's* claims; federal defenses and counterclaims are not considered.  Caterpillar, 107 S. Ct. at 2430; *see also* Margaret Tarkington, *Rejecting the Touchstone: Complete Preemption and Congressional Intent After* Beneficial National Bank v. Anderson, 59 S.C. L. Rev. 225, 248 (2008) (stating that the complete preemption

---

1-4 at 3 (emphasis added).  The unfair competition and misappropriation of trade secret claim alleges in part: "At all relevant times, Pelican Tank knew that Mueller had access to Ultraflo's trade secrets and *proprietary and confidential design drawings*. Pelican Tank also knew that it could generate substantial revenues if it were able to capture all or some portion of Ultraflo's revenues from the sale of the *copied* valve."  Id. (emphases added). The civil conspiracy claim asserts in part: "Mueller and Pelican Tank have conspired with one another to deprive Ultraflo of its valuable rights in its design drawings, to willingly misappropriate and exploit Ultraflo's confidential information and trade secrets . . . ."  Id. at 4, 5.

doctrine does not overcome the statutory requirement that the federal question must arise from the plaintiff's complaint). Defendants' ostensible discovery that Mueller himself created the drawings could only serve as the basis for a counterclaim such as that which Mueller has now filed against Plaintiff,[3] or a defense under the Copyright Act--neither of which is sufficient to confer original federal jurisdiction over Plaintiff's claims.

As the removing parties, Defendants bear the burden of establishing that Plaintiff's state action is properly removable to federal court. <u>Winters</u>, 149 F.3d at 397. Defendants argue that this case is "similar" to <u>Gemcraft Homes, Inc. v. Sumurdy</u>, 688 F. Supp. 289 (E.D. Tex. 1988) in that "the underlying basis of plaintiff's suit is protection of rights which are equivalent to those described in the Copyright Act." Document No. 8. Indeed, Plaintiff's allegations that it will suffer lost profits, lost business, and irreparable harm if Defendants "are not ordered to refrain from disclosing or using any of [Plaintiff's] confidential and proprietary design drawings or selling items generated therefrom and ordered to return the original and all copies of such information . . ." (Document No. 1-4 at 5 (Plaintiff's Original Petition), and similar allegations, provide an arguable basis for Defendants to assert, as they do, that "Plaintiff is seeking to

---

[3] *See* Document No. 15 at 4 (Defendant Pelican Tank's counterclaim against Plaintiff).

prevent either Mueller or Pelican Tank from unauthorized reproduction or distribution of copyrightable subject matter . . . ." Document No. 8 at 9. In Gemcraft Homes, the plaintiff builder alleged that his former sales counselors stole his architectural plans and built homes "virtually identical" to those plans. Id. at 291. Like Plaintiff here, the plaintiff in Gemcraft Homes also pled only state law claims including breach of contract, breach of fiduciary duty, conversion, and tortious interference with contract, and did not plead any cause of action under the Copyright Act. Gemcraft Homes, 688 F. Supp. at 291. In ruling on the defendant's motion to remand, U.S. District Judge Paul N. Brown applied the rigorous standards of federal law to determine whether any of the plaintiff's state law claims was completely preempted by the Copyright Act. Id. at 292-95. Upon analysis, Judge Brown held that the conversion claims and tortious interference with contract claim, to the extent it complained that the plaintiff had lost benefits flowing from its exclusive right to use the architectural plans, were preempted. Id. at 294-95. Thus, the case was properly removed and the motion for remand was denied. Id. at 295. The glaring difference between Gemcraft Homes and this case, however, is that the defendant *timely* removed Gemcraft Homes to federal court rather than litigate it in state court for several months beyond the 30 days period following receipt of a copy of the plaintiff's initial pleading.

Defendants presumably could have made in this Court arguments for complete preemption under the Copyright Act similar to those made by the defendant in <u>Gemcraft Homes</u> had Defendants timely removed the case within 30 days after receiving Plaintiff's petition.  Whether those arguments would have been persuasive, as they were in <u>Gemcraft Homes</u>, need not now be decided.[4]  What is clear, however, is that Plaintiff's state law causes of action are based upon allegations that Plaintiff owned "proprietary and confidential design drawings" for Plaintiff's valve, that Pelican Tank hired Plaintiff's employee Mueller "to gain possession of [Plaintiff's] highly confidential design drawings and possibly other trade secrets," that Pelican Tank thereafter "began selling a valve similar to [Plaintiff's] valve . . . that . . . matches [Plaintiff's] design drawings better than [Plaintiff's] own valve matches the design drawings," that Plaintiff is entitled to an order enjoining Defendants from "disclosing or using any of [Plaintiff's] confidential and proprietary design drawings or selling items generated therefrom and [ordering Defendants] to return the original and all copies of such . . .," and that Plaintiff should be awarded not only injunctive relief but also

---

[4] It will be for the State Court to make that determination on the merits after the remand of this case.  5 WILLIAM F. PATRY, PATRY ON COPYRIGHT, § 17:23 (2008) ("If a removal petition is untimely, even if meritorious, it will be dismissed, leaving the party to argue in state court that the state claim is preempted.").

"its actual damages including lost sales revenues," etc.  These and others of Plaintiff's allegations provided as much (or more) notice to Defendants that one or more of Plaintiff's state law claims may be fully preempted by the Copyright Act as did Defendants' later production of the design drawings themselves.  In other words, the production in state court of the particular design drawing for the valve added nothing additional to or at variance with Plaintiff's petition and was not a "paper from which it may *first* be ascertained that the case is . . . removable."  28 U.S.C. § 1446(b) (emphasis added).  Moreover, the fact that the design drawing bore the initials of Mueller, which suggested to Defendants a possible defense or counterclaim under the Copyright Act, provides no basis for Defendant's late removal.  *See* <u>Balcorta</u>, 208 F.3d at 1107 n.7 (stating that complete preemption is based on the substance of a plaintiff's claims, not a defendant's defenses).  Defendants have failed to prove that the Original Petition did not trigger the thirty-day period for removal and have waived their right to remove what they contend is a federal claim.  *See* <u>Northeast Hosp. Auth.</u>, No. H-07-2511, 2007 WL 3036835, at *6.

12

III.   <u>Order</u>

Accordingly, it is

ORDERED that Plaintiff's Motion to Remand (Document No. 6) is GRANTED, and this case is REMANDED to the 280th Judicial District Court of Harris County, Texas.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 8th day of December, 2008.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE